IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 18-00188-CR-W-DGK |
| Donzell A. Jones, | ) | |
| | ) | |
|        Defendant. | ) | |

## REPORT AND RECOMMENDATION

Prior to June 5, 2016, defendant Donzell Jones ("Jones") had been convicted on several felony offenses under Missouri state criminal law, to wit:

- Possession of Controlled Substance [Mo. Rev. Stat. § 195.202] on January 5, 2001;

- Tampering with a Motor Vehicle [Mo. Rev. Stat. § 569.080.1(2)], Trafficking in Drugs in the Second Degree [Mo. Rev. Stat. § 195.223], and Possession of Controlled Substance [Mo. Rev. Stat. § 195.202] on September 6, 2002; and

- Driving While Revoked [Mo. Rev. Stat. § 302.321] and Possession of Controlled Substance [Mo. Rev. Stat. § 195.202] on May 24, 2011.

On July 17, 2018, Jones was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Specifically, the Indictment alleges that, on June 5, 2016, Jones was found in the possession of a Jimenez Arms 9mm semi-automatic handgun.

Currently pending before the Court is Jones' motion to dismiss the Indictment (Doc. 51), wherein Jones – acting *pro se* – contends that the government cannot meet the statutory elements necessary to convict him under Section 922(g)(1). That federal criminal statute provides:

> (g) It shall be unlawful for any person—
>
>> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . . ;
>
>> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). The government must prove three essential elements for a Section 922(g)(1) conviction: (1) the defendant previously was convicted of a crime punishable by a term of imprisonment exceeding one year; (2) he knowingly possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. *United States v. Stanko*, 491 F.3d 408, 412 (8th Cir. 2007). Jones' motion focuses on the first element.

Generally, what constitutes a conviction of a qualifying predicate crime for purposes of Section 922(g)(1) is "determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). *See also United States v. Thornton*, 766 F.3d 875, 877 n.1 (8th Cir. 2014). To that end, federal law also gives due deference to decisions by a state to "restore" its citizens' gun rights:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). As a result of various state government legislative enactments addressing gun rights, "the question has arisen whether under [Section] 921(a)(20) state restoration of a federal felon's civil rights precludes use of the conviction for which civil rights were restored as a predicate conviction required for the imposition of criminal liability pursuant to [Section] 922(g)(1)." Richard Belfiore, *State Restoration of Federal Felon's Civil Rights as*

*Nullification of Conviction Under 18 U.S.C.A. § 921(a)(20) Which Defines Conviction for Purposes of Penalizing Possession of Weapon by Convicted Felon Pursuant to 18 U.S.C.A. § 922(g)(1)*, 117 A.L.R. Fed. 247, 247 (1994 & Supp. 2019).

Seizing upon the "restoration" language of Section 921(a)(20), Jones argues that "his right to bear arms" was restored in 2014 by the voters of the State of Missouri when they approved an amendment to the Missouri Constitution. As amended, the Missouri Constitution now provides:

> That the right of every citizen to keep and bear arms, ammunition, and accessories typical to the normal function of such arms, in defense of his home, person, family and property, or when lawfully summoned in aid of the civil power, shall not be questioned. The rights guaranteed by this section shall be unalienable. Any restriction on these rights shall be subject to strict scrutiny and the state of Missouri shall be obligated to uphold these rights and shall under no circumstances decline to protect against their infringement. Nothing in this section shall be construed to prevent the general assembly from enacting general laws which limit the rights of convicted violent felons or those adjudicated by a court to be a danger to self or others as result of a mental disorder or mental infirmity.

MO. CONST. art. I, § 23 (*emphasis added*).

The Court rejects Jones' interpretation of the Missouri Constitution. The same argument has been similarly rebuffed by this Court in a prior case. *See e.g., United States v. Adams*, 2015 WL 5970548, op. at *3 (W.D. Mo. Oct. 13, 2015), *aff'd,* 914 F.3d 602 (8th Cir. 2019). While the ensuing appellate decision in *Adams* focused only on the defendant's Second Amendment argument and did not address the Missouri constitutional argument, the Eighth Circuit – in a prior case – specifically had found:

> [The defendant] argues that his civil right to bear arms was restored by a 2014 amendment to the Missouri Constitution. To the contrary, the Supreme Court of Missouri has held that his civil right to bear arms was not restored by the amendment.

*United States v. Phillips*, 817 F.3d 567, 568 (8th Cir. 2016), *cert. granted, judgment vacated,* 137 S. Ct. 634 (2017) (*citing State v. Clay,* 481 S.W.3d 531, 538–39 (Mo.2016) (*en banc*)).

As noted, the Supreme Court vacated the judgment in *Phillips* and remanded the case in light of its intervening decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Phillips*, 137 S. Ct. at 634. However, the *Mathis* case does not impact the Eighth Circuit's rationale regarding the impact and scope of MO. CONST. art. I, § 23. Certainly, the strict precedential value of *Phillips* is clouded. *Compare O'Connor v. Donaldson,* 422 U.S. 563, 577 n.12, 95 S. Ct. 2486, 2495 n.12 (1975) ("Of necessity our decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect."); *Durning v. Citibank, N.A.,* 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) ("Although [the appellant] contends that the decision was 'vacated on other grounds,' we find that contention curious [since a] decision may be <u>reversed</u> on other grounds, but a decision that has been <u>vacated</u> has no precedential authority whatsoever."). Nonetheless the *Phillips* decision does offer an indication of the Eighth Circuit's view of the legal issue before the Court. Most importantly, the underlying basis for the Eighth Circuit reasoning in *Phillips* – the decision of the Missouri Supreme Court in *Clay* – remains as a continuing valid interpretation of MO. CONST. art. I, § 23. Moreover, in 2018, the Missouri Supreme Court reaffirmed *Clay* and observed that, while MO. CONST. art. I, § 23 provides a framework for judicial review of gun laws generally, the amendment itself does <u>not</u> restore gun rights because:

> Missouri has no mechanism for the restoration of rights absent a pardon or expungement.

*Alpert v. State*, 543 S.W.3d 589, 597 (Mo. 2018) (*en banc*).

Accordingly, it is

4

Case 4:18-cr-00188-DGK    Document 69    Filed 07/23/19    Page 4 of 5

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** Jones' motion to dismiss the Indictment [Doc. 51].

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**
