IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action Number |
| ) | 18-00188-CR-W-DGK |
| Donzell A. Jones, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On July 23, 2019, the undersigned filed a REPORT AND RECOMMENDATION [Doc. 69] with the district court recommending the denial of a motion to dismiss an indictment [Doc. 51] filed by *pro se* defendant Donzell Jones ("Jones"). On August 19, 2019, having received no objection from Jones, the district court entered an order adopting the report [Doc. 81].

On December 5, 2019, Jones filed an AMENDED MOTION TO DISMISS THE INDICTMENT [Doc. 128] that (1) rehashes the arguments asserted in his earlier motion to dismiss and asserts that the earlier report from this Court erred in addressing those arguments, and (2) notes that the earlier report from this Court contained a typographical error. In essence, then, the undersigned is tasked with reviewing the previous unobjected-to REPORT AND RECOMMENDATION and making a recommendation to the district court as to whether the prior order should be amended or altered. Thus, although titled as an "amended motion to dismiss," a cursory reading of Jones' presently pending pleading discloses that Jones is actually asking the Court to reconsider its previous unobjected-to REPORT AND RECOMMENDATION.

In the absence of any objection to a magistrate judge's report-and-recommendation, the Eighth Circuit has indicated a district court should review the report-and-recommendation under a clearly erroneous standard of review. *See*, *e.g.*, *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (when no objections are filed, "[a district court] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier,* 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Extending the logic closer to the present facts, one district court has noted:

> The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*United States v. Yockey*, 654 F. Supp. 2d 945, 950-52 (N.D. Iowa 2009) (*quoting, in part, Anderson v. Bessemer City,* 470 U.S. 564, 573-74, 105 S.Ct. 1504, --- (1985)). The Court finds this approach is sound. *Compare Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1288 (8th Cir. 1998) (a court nearly always has "the power to revisit its prior decisions when the initial decision was clearly erroneous and would work a manifest injustice"). As such, the Court will consider whether the issues raised by Jones in his present amended motion to dismiss demonstrate that the findings and conclusions in the earlier REPORT AND RECOMMENDATION are clearly erroneous. As set out briefly herein, they are not.

The primary complaint in Jones' amended motion to dismiss[1] arises from the following sentence in the earlier REPORT AND RECOMMENDATION:

> On July 17, 2018, Jones was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1).

Doc. 69. While Jones was indicted of violating 18 U.S.C. § 922(g)(1), as pointed out in the amended motion to dismiss, he was not indicted of violating 18 U.S.C. § 924**(e)(1)**, but instead was indicted for violating 18 U.S.C. § 924**(a)(2)**. Jones characterizes this typographical error as "maliciously prejudicial" and "prejudicial character defamation."

Contrary to Jones' hysterical assumptions, the error was inadvertent. More importantly, the typographical error did not impact the Court's analysis (and ultimate rejection) of Jones' arguments seeking dismissal of the indictment. *Compare Laws v. Vermont*, 2011 WL 2581753, op. at *1 (D. Vt. June 29, 2011) ("The Court notes the Factual and Procedural Background [in a magistrate's report-and-recommendation] contains a typographical error, however, it does not affect the analysis of the case."). In short, nothing about the citation error in the earlier REPORT AND RECOMMENDATION even remotely supports an argument that the Court made a mistake in its earlier report or that the report works a manifest injustice on Jones. Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the AMENDED MOTION TO DISMISS THE INDICTMENT [Doc. 128].

---

[1] In his amended motion to dismiss, Jones also rehashes several of the arguments raised in his prior motion to dismiss. The Court has carefully reviewed Jones' new pleading but finds no basis in law or fact to reconsider the prior findings and conclusions set out in the earlier REPORT AND RECOMMENDATION.

Counsel and Defendant Jones are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                              */s/ John T. Maughmer*
                                              **John T. Maughmer**
                                      **United States Magistrate Judge**