# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| United States of America, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-0188-01-CR-W-DGK |
| | ) |
| Donzell Jones, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATIONS

Pending before the Court are yet more *pro se* motions to dismiss filed by Defendant Donzell Jones, ("Jones"). Jones filed his NOTICE TO DISMISS COUNT TWO OF INDICTMENT [Doc. 154] on March 2, 2020, and then filed his MOTION TO DISMISS INDICTMENT FOR SYSTEMATIC AND PERVASIVE PROSECUTOR MISCONDUCT [Doc 162] on March 12, 2020.

Count Two of the Indictment charges Jones with a violation of 18 U.S.C. § 922 (n) on or about June 5, 2016. Section 922 (n) provides:

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

At the time the Indictment charges that Jones unlawfully possessed a firearm while under indictment, two other felony indictments were already pending in Jackson County, Missouri against Jones.[1]

---

[1] January 7, 2016 state grand juries charged felonies against Jones in Case No. 1416-CR03118-01 and Case No. 1516-CR01101-01. Case No. 1516-CR01101-01 charged Jones with second degree burglary and stealing on or about June 27, 2013. (Attachment C). Case No. 1416-CR03118-01 charged Jones with second degree burglary on or

Jones contends that Count Two of the Indictment must be dismissed because the state felony indictments were eventually dismissed subsequent to his arrest in this case. Jones' argument is misguided at best. There is no dispute that both indictments were pending on June 5, 2016 when Jones was arrested in this case. It is of no consequence to the validity of Count Two that the underlying indictments were ultimately dismissed (one 25 months, the other 33 months after his arrest in this case. *See*, *United States v. Quiroz*, 449 F.2d 583, 584–85 (9th Cir. 1971).

*Quiroz* involved a predecessor statute to § 922(n). In that case, the defendants did not dispute that they were "under indictment" at the time that they transported firearms in interstate commerce. Rather, their constitutional argument related to the fact that the indictments against them were later dismissed. They argued that it would not be consistent with due process to permit the conviction under the predecessor to § 922(n) of "a person not convicted of the underlying indictment." The Court rejected that argument on the grounds that "under indictment" unambiguously does not require a conviction. "The crime charged comes clearly within the statute. Congress did not say that a conviction on the underlying indictment was an ingredient of the crime. We see no constitutional problem." 449 F.2d at 585; *See also, DePugh v. United States*, 393 F.2d 367, 370 (8th Cir. 1968). "Common sense...dictates that federal law enforcement should not hinge on the outcome of a state charge, whether by acquittal, nolle prosequi or quashing of the indictment. If such were the law, the federal government would have to await the state trial and any appeals that might follow before federal law enforcement could be

---

about July 25, 2013. (Attachment A). The indictment in Case No. 1516-CR011101-01 was dismissed on July 3, 2018. (Attachment D) The indictment in Case No. 1416-CR03118-01 was dismissed was dismissed on March 14, 2019. (Attachment B)

attempted. Such frustration of the federal legal processes finds no support in law or common sense." Count Two does not suffer from any infirmity requiring dismissal.

Jones also moves for dismissal of the entire Indictment based upon "systemic and pervasive prosecutorial misconduct" [Doc. 162]. Essentially, Jones makes two arguments to support his motion. The first argument is grounded in Jones' insistence that the failure by the United States Attorney to inform the grand jury of the eventual dismissal of the underlying state indictments constituted prosecutorial misconduct. In light of the foregoing discussion, it is unnecessary to address that argument. The second argument arises out of Jones' relentless pursuit of the idea that his right to possess a firearm was restored under Missouri law prior to the current indictment charging him with being a felon in possession of a firearm. Inasmuch as Jones unsuccessfully has argued several times that his constitutional right to possess a firearm has been restored under Missouri law prior to his arrest in this case, the Court finds it unnecessary to address this latest attempt to relitigate previously considered and denied arguments. Docs. 69, 81, 147, 155, 157 and 168. In so doing, the Court incorporates its prior rational and recommendations in this Report and Recommendation.

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an Order **DENYING** Jones' *pro se* NOTICE TO DISMISS COUNT TWO OF INDICTMENT [Doc. 154], filed on March 2, 2020, as well as his *pro se* MOTION TO DISMISS INDICTMENT FOR SYSTEMATIC AND PERVASIVE PROSECUTOR MISCONDUCT [Doc 162], filed on March 12, 2020.

Counsel and parties are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                                    */s/ John T. Maughmer*
                                                    **John T. Maughmer**
                                       **United States Magistrate Judge**