**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CR-00188-DGK-1 |
| DONZELL A. JONES, | ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTIONS TO DISMISS

Pending before the Court is Defendant Donzell A. Jones's pro se motion to dismiss count two of the indictment (Doc. 154), pro se motion to dismiss indictment for systematic and pervasive prosecutor misconduct (Doc. 162), U.S. Magistrate Judge John T. Maughmer's Report and Recommendation (Doc. 210), and Defendant's objections (Doc. 212). After carefully reviewing the Magistrate's report and conducting an independent review of the record and applicable law, *see* L.R. 74.1(b), the Court ADOPTS the Report and Recommendation and DENIES Defendant's motions to dismiss.

Defendant also requests a bill of particulars (Doc. 212 at 4–6) under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). While Defendant is correct that under *Rehaif* the Government is tasked with proving a criminal defendant knew of his status as a felon when he possessed the firearm, it is not required to prove this element until trial, much less in a bill of particulars. Instead, a bill of particulars serves to inform the Defendant of the nature of the charges against him and is not to be used to provide detailed disclosure of the Government's evidence in advance of trial. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993).

In this case, Defendant has been properly informed of the charges against him in the Superseding Indictment, which provides all the essential elements—including his status as a felon under *Rehaif*—of the offenses charged against him (Doc. 85). Thus, the Court DENIES Defendant's motion requesting bill of particulars.

**IT IS SO ORDERED.**

Date: May 27, 2020 　　　　　　　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT