# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-0188-01-CR-W-DGK |
| | ) |
| Donzell Jones, | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Once again pending before the Court is yet another *pro se* motion to dismiss or request for bill of particulars, filed by Defendant Donzell Jones, ("Jones"). Jones filed his MOTION TO DISMISS OR IN THE ALTERNATIVE REQUEST FOR A BILL OF PARTICULARS [Doc. 214] on June 10, 2020. In support of his motion, Jones argues once again that the indictment lacks the necessary specificity as to "how Mr. Jones violated federal statutes." Doc. 214 at 1. Jones also contends that he is entitled to "a Bill of Particulars listing the evidence and description of evidence the United States plans to 'put forth to establish that Mr. Jones knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm'" citing *Rehaif v United States,* 139 S. Ct. 2191.

On May 27, 2020, in an Order adopting this Court's earlier Report and Recommendation addressing similar concerns of Jones, Judge Kays explicitly stated:

> While Defendant is correct that under *Rehaif* the Government is
> tasked with proving a criminal defendant knew of his status as a felon
> when he possessed the firearm, it is not required to prove this element
> until trial, much less in a bill of particulars. Instead, a bill of
> particulars serves to inform the Defendant of the nature of the charges
> against him and is not to be used to provide detailed disclosure of the

Government's evidence in advance of trial. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993).

In this case, Defendant has been properly informed of the charges against him in the Superseding Indictment, which provides all the essential elements—including his status as a felon under *Rehaif*—of the offenses charged against him.

Doc. 213 at 1-2.  Any further analysis  by this Court of  Jones's pending motion would be unwarranted and unnecessarily redundant.  Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an Order **DENYING** Jones' MOTION TO DISMISS OR IN THE ALTERNATIVE REQUEST FOR A BILL OF PARTICULARS [Doc. 214] filed on June 10, 2020.

Counsel and parties are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same.  A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**