# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-00188-01-CR-W-DGK |
| | ) | |
| DONZELL A. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## RULES OF TRIAL

1. Normally, court will convene at 9:00 a.m. and recess at 5:00 p.m. **The parties should be in the courtroom at 8:00 a.m. on the first day of trial and 8:30 a.m. on each subsequent day** in order to take up any matters that need to be addressed before the jury is brought in at 9:00 a.m. The parties may expect morning and afternoon breaks at appropriate times. Lunch break normally will be taken at noon.

2. No food or drink is allowed in the courtroom except for water.

3. Only the attorneys and participants at counsel table at the beginning of voir dire examination will be allowed to sit at the table during the trial.

4. Counsel shall refer to members of the jury panel by their assigned number, and not by their names.

5. The Court will conduct voir dire; in so doing, questions will be taken from those previously proposed by counsel. At the conclusion of the Court's questioning, and if time permits, counsel may be afforded an opportunity to pose additional questions to the panel. The jury will be excused when questioning is finished and each side may move to strike for cause. Each side will then be awarded no more than fifteen minutes for peremptory challenges. Plaintiff's strikes will be made first, then defendant's strikes will be made. The panel will be recalled and the jury will be seated and sworn.

6. Absent good cause shown, opening statements are limited to fifteen minutes for each side.

7. No visual aid or exhibit shall be used in the course of trial unless opposing counsel has been shown the visual aid or exhibit by 6:00 p.m. the day before and that item is found and adequately described in an exhibit list. Absent leave of Court, no visual aid or exhibit shall be used during an opening statement unless opposing counsel has been shown the visual aid or exhibit at least twenty-four hours prior to opening statements and has agreed that the item may be used during opening statement.

8. During its case-in-chief, counsel shall notify opposing counsel by 10 p.m. the night before of the witnesses counsel expects to call the next day, in the order counsel intends to call them. The parties should be prepared to have a witness ready to testify immediately following the conclusion of testimony of another witness.

9. The interrogation of each witness shall consist of: (1) direct examination; (2) cross-examination; (3) redirect examination; and (4) recross-examination. No further questioning will be permitted except by leave of Court in extraordinary circumstances. Counsel are strongly discouraged from eliciting repetitive testimony. The redirect examination may not simply repeat the direct examination.

10. Absent good cause shown, the direct examination of each non-party witness shall be no longer than sixty minutes. Cross-examination of all witnesses shall be no longer than direct. Redirect of non-party witnesses shall be no longer than twenty minutes, and recross-examination shall be no longer than redirect. Expert witnesses may testify about their qualifications and background for no longer than five minutes on direct examination; cross-examination concerning the expert's qualifications will be unlimited except insofar as the general time limitation on cross-examination applies. The Court reserves the right to impose reasonable time limitations on the direct examination of parties.

11. Only one counsel per party may examine a witness. *See* Local Rule 83.3(b). Absent good cause shown, exhibits will not be circulated to jurors. If counsel wants the jury to see exhibits during the trial, they should be displayed in a fashion that all jurors may view them at the same time (e.g., by overhead projection, ELMO, computer projection, etc.).

12. Counsel may approach the witness for any legitimate purpose without requesting permission to do so. Counsel may question a witness from any reasonable place in the

courtroom except from a place that would intrude into the jury's space. No paper or object shall be placed on the railing in front of the jury box.

13. Except in unusual circumstances, counsel should stand when addressing the Court or when examining the witness. *See* Local Rule 83.3(a).

14. Except in unusual circumstances, a witness should be allowed to complete an answer. If the question calls for a "yes" or "no" answer, counsel must anticipate that the witness will be allowed an opportunity to explain that answer.

15. When making an objection, counsel should say only "objection" plus the legal reason for the objection (e.g., leading, hearsay, etc.). If objecting counsel desires to give reasons for the objection or if an opposing counsel desires to oppose the objection, counsel shall request leave to approach the bench. Objections to evidence should be made only by counsel handling the witness. During sidebars, the Court will entertain arguments only from counsel handling the witness. Objections during opening statements or closing arguments should be made only by counsel making opening statements or closing arguments.

16. Unless permission is granted before the trial begins, a maximum of two expert witnesses shall be allowed to testify for any party on any one subject. After counsel questions an expert about his/her qualifications, counsel shall not ask the Court to declare the witness an expert.

17. Visible reactions to the testimony of witnesses, counsels' presentations or to the Court's rulings (such as facial or body gestures) are inappropriate.

18. Conversation with clients and/or co-counsel must be in tones inaudible to the Court and the jury.

19. During conferences at the bench please note that the court reporter has a very sensitive microphone located on the bench. Sounds are greatly amplified. Any shuffling of papers, clicking of pens, tapping of fingers on the bench, or touching the microphone results in great discomfort to the reporter. Counsel must avoid any such movements.

20. Each party shall mark each of their exhibits prior to trial with an exhibit sticker indicating whether the exhibit is being offered by the plaintiff or the defendant, along with the exhibit number. Plaintiff shall number their exhibits beginning with the number 1. Defendant shall number their exhibits beginning with the number 501. The designation for each exhibit

shall match the numeric designation for that exhibit on the exhibit list furnished to the clerk prior to trial. Each party shall provide the Court with two copies of their exhibits one week prior to trial in an electronic format (e.g. thumb drive).

21. The length of closing arguments will be established during the instruction conference.

22. Instructions will be read to the jury before closing arguments. Each juror will be given a copy of the instructions after closing arguments for use during deliberations.

23. After the jury retires, counsel and their clients should remain in the courthouse and advise the Court's staff where they will be located while the jury is deliberating.

24. As a general rule, the Court sends all exhibits (except drugs and weapons) to the jury room as soon as the jury retires, without the jury needing to first request them.

25. Before the jury returns its verdict, counsel shall tell the Court if they want the jury polled.

26. After the jury is dismissed, each counsel must take possession of his/her exhibits from the courtroom deputy and sign the receipt at the bottom of the exhibit list.

27. Except by leave of Court, no party or lawyer, and no other person acting on their behalf, may contact, interview, examine, or question any juror or potential juror about this case before, during, or after the trial. If an attorney or party receives evidence of misconduct by an actual or potential juror, the attorney or party shall inform the Court, and the Court may conduct an investigation to establish the accuracy of the misconduct allegations.

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

DATE: October 2, 2020