# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-00188-01-CR-W-DGK |
| ) | |
| DONZELL A. JONES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On August 30, 2019, the grand jury issued a two-count superseding indictment charging Defendant Donzell Jones with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a); and one count of possession of a firearm while under a felony indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). Doc. 85.

On April 15, 2021, this matter came before the Court for its Pretrial Conference. During the Pretrial Conference, Defendant made an oral motion for continuance from the Joint Criminal Trial Docket commencing on May 3, 2021. Defendant indicated that the requested continuance is necessary to continue in plea negotiations with the Government. The Government indicated it had no objection to the continuance requested by Defendant.

In any case in which a plea of not guilty is entered, Defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the

reasons for such finding.  *See* 18 U.S.C. § 3161(h)(7)(A).  Time spent on plea negotiations is considered one of the "proceedings concerning the defendant" under section 3161(h)(1) that is excludable.  *See United States v. Van Someren*, 118 F.3d 1214, 1218-19 (8th Cir. 1997).

In light of Defendant's need for additional time to continue in plea negotiations with the Government, the Court finds it would be unreasonable to expect Defendant to prepare this case for trial prior to May 3, 2021.  Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial.  The Court, in ordering this case removed from the May 3, 2021 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that Defendant's oral motion to continue is GRANTED.  This case is removed from the May 3, 2021 Joint Criminal Jury Trial Docket and is set for trial on the Joint Criminal Jury Trial Docket that commences on September 20, 2021.  <u>The Court presumes this is a realistic trial setting given the nature of the offenses alleged in this matter, how long this matter has been pending, and the discussion of the parties at the Pretrial Conference.  Absent extenuating circumstances, additional requests to continue the trial are unlikely to be granted</u>.  It is further

ORDERED that a pretrial conference is set for September 2, 2021 at 9:30 a.m. in Courtroom 6D.  It is further

ORDERED that the time between the date of this Order and October 1, 2021, which is the last day of the September 20, 2021 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

**IT IS SO ORDERED.**

DATE: April 15, 2021

/s/ *W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE